JOHN MORRISSEY, RESPONDENT, *v.* THURLOW WEED AND OWEN W. BRENNAN, IMPLEADED, ETC., APPELLANTS.

*Contribution among associates of joint-stock company — how regulated.*

This action was brought by the plaintiff, as one of the members of a joint-stock association, against the other members thereof, to take and state an account between the parties to the action and of the claims against the association. Upon the hearing before the referee, to whom the action was referred, one Stuart, who was

not a party to the action, was, by consent of all the parties, allowed to appear and present his claim against the association, which the referee found amounted to $4,777.54. The referee directed "that to such party or parties as shall have paid the sum hereinbefore declared to be due to the said Stuart * * * leave is reserved to apply, on proof of such payment at the foot of this judgment, for a judgment against the other parties to this suit for contribution, or in default of such judgment the said Sidney H. Stuart, Jr., * * * may, on proof of such refusal to pay, apply for such judgment, if he or they shall be so advised."

*Held*, that the effect of the direction was to allow Stuart, in case the other parties to the suit refused, upon demand, to pay the amount reported due to him, to apply to the court for leave to enter judgment against them, but that it was error for him to enter judgment without applying to the court, and without showing any prior demand and refusal.

The association consisted of nine members, among whom the profits were to be divided and the expenses distributed equally. It appearing that certain of the associates had contributed more than their share, the referee directed that each of such associates recover of each of the other associates the one-ninth part of the amount paid by him, less the one-ninth part of the amount paid by the associate against whom such judgment was recovered. Upon an appeal it was insisted by certain of the associates who had contributed less than their share that the principle adopted by the referee was wrong, and that in no case could all the judgments rendered against any one associate exceed the difference between the amount contributed by him and one-ninth of the whole expenses. *Held*, that the objection could not be sustained; that if there was any error in the judgment it was in being too favorable to the appellants, as it relieved them from the liability to contribute for any associate who might prove insolvent.

APPEAL from an order denying a motion to vacate a judgment entered in this action, and refusing to set aside an execution issued thereon.

The action was brought by the plaintiff as one of the shareholders of the New York Express Company, a joint-stock association, against the other members thereof, to take and state an account between the parties to the action, and of the claims and demands against the members of such association.

The association consisted of nine members, each entitled to an equal share of the profits, and each equally liable for the losses sustained. Upon the hearing before the referee one Stuart was allowed by the consent of all the parties to appear and present his claim against the company, and the referee found that there was due to him from it $4,777.54. Some of the associates had paid more than their share of the expenses, that is, more than one-ninth thereof,

and the others had paid less than their shares. The referee, in directing judgment, allowed each associate who paid more than his contributory share to recover a judgment against each of the other associates for the one-ninth part of the amount paid by him, less the one-ninth part of the amount paid by the associate against whom the judgment was rendered. For example, the plaintiff recovered of defendant Corning one-ninth of amount paid by plaintiff — $7,432.67 divided by 9=$825.87 — less one-ninth amount paid by Corning — $5,343.11 divided by 9 = $593.67, that is $825.87 — $593.67= $232.20. The total amount of the expenditures was $27,438, one-ninth of which $3,050.89, should have been contributed by each member. On the part of certain of the associates it was insisted that in no case should the sum of all the judgments recovered against any of the associates, when added to the amount already contributed by such associate, exceed this sum of $3,050.89.

*C. E. Miller*, for the appellants.

*Sidney H. Stuart, Jr.*, and *Matthew Hale*, for the respondent Erastus Corning.

*Sidney H. Stuart, Jr.*, for the other respondents.

Davis, P. J. :

The order of reference in this case does not appear in the papers. In the referee's report it is recited as an order "to take proof of all the issues herein and of the claims and demands against the plaintiff and defendants, as members of the joint stock-association in the complaint mentioned, and to take and state an account between the parties hereto and hear, try and determine all the said issues."

Assuming this to be a correct description of the order the reference was in fact one to hear, try and determine and the referee became, *pro hac vice*, the court. Any and all errors committed by him during the progress of the trial are, therefore, to be reviewed after entry of judgment upon his report by an appeal to the General Term. So far, therefore, as this motion involves questions determined by the referee in the course of the trial, or by the final decision contained in his report, the motion at Special Term was properly

denied, because errors of that kind, if any existed, were not review-able by that tribunal.

It is claimed, however, that judgment has been entered upon the report, not in conformity to its directions and not upheld by the report or just and legal inferences therefrom. If this claim be well founded it was, of course, competent for the Special Term to correct the judgment as entered by making it conform to the decision and report of the referee.

The execution sought to be set aside is one issued on behalf of Sidney H. Stuart, Jr., in whose favor the judgment was entered on the report against both the plaintiff and the defendants in the action for the sum of $4,875.07. Stuart was not a party to the action.

He brought in, however, before the referee, by the consent of all parties, a claim against the association described in the complaint and known as the New York Express Company, for services rendered, which claim was proved, and the referee found and reported that there remained due to him thereon the sum of $4,777.54, which, with interest, is the amount for which judgment is entered in his favor as above stated. The report contains no express direction that judgment be entered in his favor for that sum. But the twelfth direction is in the following form, so far as it relates to the Stuart claim :

"12. That to such party or parties as shall have paid the sum hereinbefore declared to be due to the said Sidney H. Stuart, Jr., * * * amounting * * * to the sum of $4,777.54, * * * leave is reserved to apply, on proof of such payment at the foot of this judgment, for a judgment against the other parties to this suit for contribution, or in default of such judgment the said Sidney H. Stuart * * * may, on proof of refusal to pay, apply for such judgment if he or they shall be so advised."

It is not easy to see precisely what is meant by this provision of the report. On one side it is claimed that it simply provides for contribution in favor of any party or parties to the action who shall pay the Stuart demand, to be enforced by judgment to be entered on the foot of the judgment first entered on the report against all parties not participating in such payment, either on application of the parties who make such payment, or in default of their application, on the application of Stuart.

On the other hand it is claimed that the provision provides for such judgment of contribution in favor of any party or parties who shall have paid Stuart's claim; but in case no one pays that claim it provides that in default of payment, Stuart may, on proof of the refusal to pay, apply for judgment in his favor against all the parties liable to him.

The latter construction seems to be the most sensible and correct one as Stuart, after payment of his claim by any of the parties, could have no possible interest in the question of contribution as between them and the other parties to the action; but he has a clear interest under the report, to be at liberty, under the proper circumstances, to apply for a personal judgment against all the parties. He was not, as has already been stated, a party to the suit.

The effect, I think, of the determination of his claim by the consent of all parties was to establish it as a debt outstanding against the express company, for which all the members of that company were personally liable, and to enable him, by some proceeding, to be directed, either in this action or another, to enforce that claim against them all. And the intent of the last section, as it seems to me, was to provide for any party or parties who should pay the debt to Mr. Stuart by giving them a right to contribution on the foot of the judgment; and to further provide, that in case all refused to pay the demand, Stuart might, on proof of such refusal, apply to the court for judgment in the action against all. If this be the correct construction of the report the entry of a personal judgment in the action in favor of Stuart against all the parties without any proof of a request of payment, and of refusal to pay, was not warranted by the report.

The result is that the motion to set aside the judgment as entered in favor of Stuart and the execution issued by him should have been granted by the court below, with leave to him to make application, on proper proof, for a judgment to be entered on the foot of the judgment ordered by the referee.

The other question on the motion is, whether the judgment has been entered against Brennan and Weed, in conformity to the report and the principles of recovery settled by it.

In our opinion such entry is in substantial accordance with the

report, so far at least that no injustice seems to be thereby done by it to either of the appellants.

This action is an equitable one to settle all accounts and claims between the nine associates of the express company, to apportion the outstanding indebtedness of the company, and to determine their respective rights as between each other. The liability of each associate was, *prima facie*, one-ninth of the whole. But that is not necessarily the measure of their liability for contribution among themselves, for if some of the associates are insolvent and unable to pay any thing, the contributions, by the solvent associates, must be made equal as between themselves, as though an insolvent were in fact not an associate. For example, if A, B, C and D are liable for a debt which A has paid, and D be able to pay nothing in respect of his fourth, in equity A could compel B and C to contribute one-third each; and this, as between A, B and C, is evidently only fair and just. (Lindley on Partnerships, 635; *Hole* v. *Harrison*; 1 Ch. Cas., 246; *Dering* v. *Winchelsea*, 1 Cox, 318; *Peter* v. *Rich*, Rep. in Ch., 19; *Robinson's Executors' Case*, 6 De G., Mac. & G., 572.)

It seems to us quite clear that under the judgment as entered if all parties shall prove solvent each party is made to pay his share of the debts as found by the referee's report, and the error (if any) is that if some of the parties prove insolvent and unable to pay any thing, the appellants will be made to pay less than their just amount under the rule in such cases, as above stated.

So far, therefore, as relates to this particular part there seems to be no good reason for any interference with the order below and it should be affirmed.

The order should be reversed, with ten dollars costs and disbursements as against the respondent Stuart, without prejudice as hereinbefore stated; and affirmed as against the appellants, Weed and Brennan, with ten dollars costs.

BRADY and DANIELS, JJ., concurred.

Order reversed, with ten dollars costs and disbursements as against respondent Stuart, without prejudice as stated in the opinion; affirmed as against the appellants Weed and Brennan, with ten dollars costs.